**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Luis FERMIN, Defendant–Appellant.**

No. 06–40030

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael H. Sokolow, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District Of Texas, Houston, TX, for Defendant–Appellant.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Jose Luis Fermin appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. He argues, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the 33-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

The Government does not seek to invoke the appellate waiver provision in Fermin's plea agreement and has thus waived the issue. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir.2006). Fermin's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Fermin properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he

raises it here to preserve it for further review.

AFFIRMED.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

